UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>HAZRAT KHALID KHAN, a/k/a KHALID KHAN, a/k/a KHALID BACHA, KHURSHED IQBAL, and RAHMAN ZEB<br><br>Defendants. | CRIMINAL NO. 16-10111-RWZ<br>VIOLATIONS:<br>18 U.S.C. § 371 (Conspiracy)<br>26 U.S.C. § 7202 (Willful failure to collect or pay over tax) |

## SUPERSEDING INDICTMENT

THE GRAND JURY CHARGES:

### GENERAL ALLEGATIONS

At all times material to this Indictment:

*Certain Relevant Persons and Entities*

1. The defendant, HAZRAT KHALID KHAN, a/k/a KHALID KHAN, a/k/a KHALID BACHA ("KHAN") was a resident of New York.

2. The defendant, KHURSHED IQBAL ("IQBAL"), was a resident of Massachusetts.

3. The defendant, RAHMAN ZEB ("ZEB"), was a resident of New York.

4. Co-Conspirator #1 ("CC-1") was a resident of Massachusetts and IQBAL's nephew.

5. Crown Fried Chicken and Pizza was a Massachusetts company located at 895 Broadway, Chelsea, Massachusetts ("the Chelsea Store"). In 2010, the Chelsea Store incorporated as Eman Crown Corporation, a Massachusetts corporation, and continued to do

1

business as Crown Fried Chicken. The Chelsea Store served fried chicken, pizza, and other food items on a carry-out basis.

6. Luther Fried Chicken and Pizza, Inc. was a Massachusetts corporation that conducted business as Crown Fried Chicken at 344 Warren Street, Roxbury, Massachusetts ("the Roxbury Store"). Like the Chelsea Store, the Roxbury Store served fried chicken, pizza, and other food items on a carry-out basis.

7. MA New York Fried Chicken Inc. was a Massachusetts corporation that conducted business as New York Fried Chicken at 1198 Blue Hill Avenue, Mattapan, Massachusetts ("the Mattapan Store"). The Mattapan store reincorporated under the name Mattapan New York Fried Chicken Inc. in 2011 and continued to do business as New York Fried Chicken. The Mattapan Store also served fried chicken, pizza and other food items on a carry out basis.

### *Background Concerning the Chelsea, Roxbury, and Mattapan Stores*

8. On or about July 26, 2006, IQBAL caused documentation to be filed with the Secretary of State for the Commonwealth of Massachusetts, establishing Luther Fried Chicken and Pizza, Inc. (the Roxbury Store) as a Massachusetts corporation.

9. On or about January 1, 2011, CC-1 caused documentation to be filed with the Secretary of State for the Commonwealth of Massachusetts, establishing Eman Crown Corp. (the Chelsea Store) as a Massachusetts corporation.

10. On or about July, 26, 2006, ZEB caused documentation to be filed with the Secretary of State for the Commonwealth of Massachusetts, establishing MA New York Fried Chicken Incorporated (the Mattapan Store) as a Massachusetts corporation.

11.     Beginning no later than 2006 and continuing until at least April 2013, KHAN and ZEB were owners of the Mattapan Store. KHAN owned 75% of the store, while ZEB owned 25%.

12.     In or about December 2009, IQBAL hired CC-1 to work at the Chelsea Store. Starting in or about 2010 and continuing until at least January 2014, CC-1 managed and maintained an ownership interest in the Chelsea Store. CC-1 shared ownership with KHAN and IQBAL, with IQBAL and CC-1 each owning 25% of the store and KHAN owning 50%.

13.     Starting in or about 2011, CC-1 also became the manager of the Roxbury Store. The Roxbury store was owned by KHAN and IQBAL.

### *Income and Employment Taxes*

14.     The Federal Insurance Contributions Act ("F.I.C.A.") requires employers and employees to pay Social Security and Medicare Taxes. An employee is liable for one half of the required taxes and the employer is liable for the other half. Federal law requires employers to withhold the employee share of the F.I.C.A. taxes from their employees' pay, as well as amounts to be credited toward their employees' federal income tax obligations. Federal law also requires employers to hold in trust and pay over to the IRS their share and their employees' shares of F.I.C.A. taxes, as well as the income taxes withheld from the employees' pay.

15.     Federal tax laws require most employers to file with the IRS a Form 941 (Employer's Federal Quarterly Tax Return), which forms are used to report federal employment taxes, including F.I.C.A. taxes and income taxes withheld from employees. When required, employers must file Form 941 four times per year, one for each quarter ending March 31; June 30; September 30; and December 31. Under some circumstances, employers may instead file a Form 944 (Employer's Federal Annual Tax Return), which must be filed once per year.

16. Federal tax laws require employers to file with the IRS a Form W-2 to report wage information and the amount of taxes withheld from wages paid to each employee.

17. Federal tax laws require corporations and their officers to file a Form 1120 (U.S. Corporation Income Tax Return), which is used to report the income, gains, losses, deductions, and credits of a domestic corporation or other entity for any tax year.

*Overview of the Tax-Evasion Scheme*

*The Chelsea and Roxbury Stores*

18. To increase profits from the Chelsea and Roxbury Stores, KHAN, IQBAL, CC-1 and others used a variety of means to avoid paying income and employment taxes owed by the businesses and by KHAN, IQBAL, and CC-1.

19. For example, although KHAN and IQBAL owned and controlled the operation of the Chelsea and Roxbury Stores, publicly filed documents falsely indicated that the stores were owned by nominees, thus concealing KHAN's and IQBAL's interests in the stores.

20. KHAN, IQBAL, and CC-1 maintained records of actual income and expenses for the Chelsea and Roxbury Stores. CC-1 stored examples of such records for the Chelsea and Roxbury Stores and at his residence.

21. CC-1 and IQBAL, acting in concert with and at the direction of KHAN, provided the tax preparers who prepared Forms 1120 and 941 for the Chelsea and Roxbury Stores (hereinafter "the Chelsea and Roxbury tax preparers") with false information about income and employment costs, and thus caused the preparation of false returns.

22. Neither KHAN, IQBAL, nor CC-1 ever provided or showed the Chelsea and Roxbury tax preparers the records of actual income and expenses of the Chelsea and Roxbury Stores.

23.     KHAN, IQBAL, and CC-1 shared the profits of the Chelsea and Roxbury Stores, which included unreported income, among themselves.

24.     KHAN, IQBAL, and CC-1 falsely reported the number of workers—some of whom were undocumented—and wages paid on Forms 941 filed on behalf of the Chelsea and Roxbury Stores, falsely reported wages paid on Forms W-2 for the employees of those stores, and, in some instances, failed to issue Forms W-2 to employees or file Forms W-2 with the IRS.

25.     CC-1 and IQBAL, acting in concert with and at the direction of KHAN, caused IRS Forms 941 to be filed under penalties of perjury that falsely reported payroll taxes owed for the wages paid to the employees of the Chelsea and Roxbury Stores.

26.     CC-1, acting in concert with and at the direction of KHAN and IQBAL, caused the filing of IRS Forms 1120 under penalties of perjury that were false insofar as the returns reported, among other things, the following false items: gross receipts or sales, cost of goods sold, total income, compensation of officers, salaries and wages, and taxable income of the Chelsea and Roxbury stores.

*The Mattapan Store*

27.     To increase profits from the Mattapan Stores, KHAN and ZEB used a variety of means to avoid paying income and employment taxes owed by the business and by KHAN and ZEB.

28.     At KHAN's instruction, the manager of the Mattapan Store maintained records of actual income and expenses for the Mattapan Store. KHAN stored such records for the Mattapan Store for the period from 2009 through 2012 at his residence.

29. KHAN provided the tax preparers who prepared Forms 1120 and 944 for the Mattapan Store (hereinafter "the Mattapan tax preparers") with false information about income and employment costs, and thus caused the preparation of false returns.

30. Neither KHAN nor ZEB ever provided or showed the Mattapan tax preparers the records of actual income and expenses of the Mattapan Store.

31. KHAN and ZEB shared the profits of the Mattapan Store, which included unreported income, between themselves.

32. KHAN and ZEB caused the Mattapan tax preparers to issue Forms W-2 only to ZEB and one other employee, although several other employees worked at the Mattapan Store.

33. KHAN and ZEB caused IRS Forms 944 to be filed under penalties of perjury that falsely reported payroll taxes owed for the wages paid to the employees of the Mattapan Store.

34. KHAN and ZEB caused the filing of IRS Forms 1120 under penalties of perjury that were false insofar as the returns reported, among other things, the following false items: gross receipts or sales, cost of goods sold, total income, compensation of officers, salaries and wages, and taxable income of the Mattapan Store.

35. Although KHAN was partial owner of the Mattapan Store, tax returns filed on behalf of that store did not indicate that he had an ownership interest in the store.

### *Objectives of the Conspiracies*

36. A purpose and objective of the conspiracies was to avoid payment of the co-conspirators' share of their employees' F.I.C.A. taxes owed to the IRS.

37. A further purpose and objective of the conspiracies was to avoid payment of corporate income taxes owed to the IRS.

38.    A further purpose and objective of the conspiracies was to avoid collecting and paying over to the IRS of the employees' share of F.I.C.A. and income tax withholdings.

## COUNT ONE
## (Conspiracy – 18 U.S.C. § 371)

39. The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 38 of this Indictment and further charges as follows:

40. Beginning by at least January 2009, and continuing to in or about April 2013, in the District of Massachusetts and elsewhere,

**HAZRAT KHALID KHAN, a/k/a KHALID KHAN, a/k/a KHALID BACHA, and KHURSHED IQBAL,**

defendants herein, together with CC-1, and others known and unknown to the Grand Jury, knowingly and willfully conspired and agreed together and with each other to defraud the United States by impeding, impairing, obstructing and defeating the lawful government functions of the Internal Revenue Service of the Department of the Treasury in the ascertainment, computation, assessment and collection of revenue: to wit, employment taxes and corporate income taxes associated with the Chelsea and Roxbury Stores.

*Manner and Means of the Conspiracy*

41. The manner and means by which KHAN, IQBAL, CC-1, and others accomplished the objectives of the conspiracy included, among other things, the following:

   a. Submitting false information concerning employees, gross receipts or sales, cost of goods sold, total income, compensation of officers, salaries and wages, and taxable income of the Chelsea and Roxbury Stores to the tax preparers who prepared Forms 1120 and 941 for those stores.

   b. Causing false documents to be filed with the Commonwealth of Massachusetts concerning the ownership and control of the Chelsea Store.

   c. Maintaining a secret set of accounting records for the Chelsea and Roxbury Stores, which documented unreported costs of goods sold, wages, income, and profits; and failing to provide those accounting records to the tax preparers who prepared Forms 1120 and 941 for those stores.

   d. Paying employees in cash "under the table," failing to make the required withholdings of payroll taxes, and failing to issue required Forms W-2.

   e. Paying expenses in cash.

   f. Employing undocumented workers at the Chelsea and Roxbury Stores.

   g. Signing false tax returns under penalties of perjury.

### *Overt Acts Taken in Furtherance of the Conspiracy*

42. KHAN, IQBAL, and CC-1 undertook the following overt acts, among others, in furtherance of the conspiracy:

   a. On or about October 5, 2011, CC-1 signed, under penalties of perjury, an IRS Form 941 for the tax period ending September 30, 2011, that significantly understated total wages for the Chelsea Store.

   b. On or about January 20, 2012 CC-1 signed, under penalties of perjury, an IRS Form 941 for the tax period ending December 31, 2011, that significantly understated total wages for the Chelsea Store.

   c. On or about November 19, 2012, CC-1 signed, under penalties of perjury, an IRS Form 941 for the tax period ending March 31, 2012, that significantly understated total wages for the Chelsea Store.

    d. On or about July 27, 2009, IQBAL signed, under penalties of perjury, an IRS Form 941 for the tax period ending June 30, 2009, that significantly understated total wages for the Roxbury Store.

    e. On or about October 27, 2009, IQBAL signed, under penalties of perjury, an IRS Form 941 for the tax period ending September 30, 2009, that significantly understated total wages for the Roxbury Store.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO
### (Conspiracy – 18 U.S.C. § 371)

43. The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 38 of this Indictment and further charges as follows:

44. Beginning by at least January 2009, and continuing to in or about November 2013, in the District of Massachusetts and elsewhere,

**HAZRAT KHALID KHAN, a/k/a KHALID KHAN, a/k/a KHALID BACHA, and RAHMAN ZEB**

defendants herein, and others known and unknown to the Grand Jury, knowingly and willfully conspired and agreed together and with each other to defraud the United States by impeding, impairing, obstructing and defeating the lawful government functions of the Internal Revenue Service of the Department of the Treasury in the ascertainment, computation, assessment and collection of revenue: to wit, employment taxes and corporate income taxes associated with the Mattapan Store.

*Manner and Means of the Conspiracy*

45. The manner and means by which KHAN, ZEB, and others accomplished the objectives of the conspiracy included, among other things, the following:

   a. Submitting false information concerning employees, gross receipts or sales, cost of goods sold, total income, compensation of officers, salaries and wages, and taxable income of the Mattapan Store to the tax preparers who prepared Forms 1120 and 944 for that store.

   b. Causing false documents to be filed with the Commonwealth of Massachusetts concerning the ownership and control of the Mattapan Store.

    c. Maintaining a secret set of accounting records for the Mattapan Store, which documented unreported costs of goods sold, wages, income, and profits; and failing to provide those accounting records to the tax preparers who prepared Forms 1120 and 944 for that store.

    d. Paying employees in cash "under the table," failing to make the required withholdings of payroll taxes, and failing to issue required Forms W-2.

    e. Paying expenses in cash.

    f. Employing undocumented workers at the Mattapan Store.

    g. Signing false tax returns under penalties of perjury.

### *Overt Acts Taken in Furtherance of the Conspiracy*

46. KHAN and ZEB undertook the following overt acts, among others, in furtherance of the conspiracy:

    a. On or about August 2, 2010, ZEB caused the filing of IRS Forms 1120 for tax year 2009 that was false insofar as the Form 1120 reported, among other things, the following false items: gross receipts or sales, cost of goods sold, total income, compensation of officers, salaries and wages, and taxable income of the Mattapan store.

    b. On or about August 8, 2012, KHAN caused the filing of IRS Forms 1120 for tax year 2011 that was false insofar as the Form 1120 reported, among other things, the following false items: gross receipts or sales, cost of goods sold, total income, compensation of officers, salaries and wages, and taxable income of the Mattapan Store.

   c. In or about October 2012, KHAN provided the tax preparers who prepared the IRS Form 944 for the tax period ending December 31, 2010, with false information about wages, tips, and other compensation for the Mattapan Store, and thus caused the preparation of a false return

   d. In or about October 2012, KHAN provided the tax preparers who prepared the IRS Form 944 for the tax period ending December 31, 2011, with false information about wages, tips, and other compensation for the Mattapan Store, and thus caused the preparation of a false return.

   e. In or about October 2013, KHAN provided the tax preparers who prepared the IRS Form 944 for the tax period ending December 31, 2012, with false information about wages, tips, and other compensation for the Mattapan Store, and thus caused the preparation of a false return.

   f. On or about March 7, 2013, KHAN caused the filing of IRS Forms 1120 for tax year 2012 that was false insofar as the Form 1120 reported, among other things, the following false items: gross receipts or sales, cost of goods sold, total income, compensation of officers, salaries and wages, and taxable income of the Mattapan Store.

All in violation of Title 18, United States Code, Section 371.

## COUNTS THREE THROUGH FIFTEEN
(Willful Failure to Collect or Pay Over Tax - 26 U.S.C. § 7202)

47. The allegations set forth in paragraphs 1 through 35 of this Indictment are re-alleged and incorporated herein by reference.

48. On or about the dates specified below, in the District of Massachusetts,

**HAZRAT KHALID KHAN, a/k/a KHALID KHAN, a/k/a KHALID BACHA, and**

**KHURSHED IQBAL,**

defendants herein, did willfully fail to truthfully account for and pay over to the Internal Revenue Service the federal income taxes withheld and Federal Insurance Contributions Act taxes due and owing to the United States of America on taxable wages paid by the entities below, as follows:

| Count | Entity | Form Filed | Approximate Date Filed | Employment Tax Reported |
|---|---|---|---|---|
| 3 | Roxbury Store | 941 | 4/30/09 | $1,045.46 |
| 4 | Roxbury Store | 941 | 8/10/09 | $767.54 |
| 5 | Roxbury Store | 941 | 10/31/09 | $895.46 |
| 6 | Roxbury Store | 941 | 3/15/10 | $767.54 |
| 7 | Roxbury Store | 941 | 4/30/10 | $923.46 |
| 8 | Roxbury Store | 941 | 7/31/10 | $820.14 |
| 9 | Chelsea Store | 941 | 9/17/10 | $447.52 |
| 10 | Chelsea Store | 941 | 9/17/10 | $447.54 |
| 11 | Chelsea Store | 941 | 10/31/10 | $2,389.00 |
| 12 | Roxbury Store | 941 | 12/20/10 | $820.14 |

| Count | Entity | Form Filed | Approximate Date Filed | Employment Tax Reported |
|---|---|---|---|---|
| 13 | Chelsea Store | 941 | 10/31/11 | $1,435.00 |
| 14 | Chelsea Store | 941 | 1/31/12 | $1,726.20 |
| 15 | Chelsea Store | 941 | 11/23/12 | $1,562.40 |

All in violation of Title 26, United States Code, Section 7202, and Title 18 United States Code, Section 2.


## COUNTS SIXTEEN THROUGH EIGHTEEN
### (Willful Failure to Collect or Pay Over Tax - 26 U.S.C. § 7202)

49. The allegations set forth in paragraphs 1 through 35 of this Indictment are re-alleged and incorporated herein by reference.

50. On or about the dates specified below, in the District of Massachusetts,

**HAZRAT KHALID KHAN and
RAHMAN ZEB,**

defendants herein, did willfully fail to truthfully account for and pay over to the Internal Revenue Service the federal income taxes withheld and Federal Insurance Contributions Act taxes due and owing to the United States of America on taxable wages paid by the entities below, as follows:

| Count | Entity | Form Filed | Approximate Date Filed | Employment Tax Reported |
|---|---|---|---|---|
| 16 | Mattapan Store | 944 | 10/29/12 | $2,553.70 |
| 17 | Mattapan Store | 944 | 10/29/12 | $1,753.50 |
| 18 | Mattapan Store | 944 | 10/25/13 | $3,483.00 |

All in violation of Title 26, United States Code, Section 7202, and Title 18 United States Code, Section 2.

A TRUE BILL  *[signed]*

*[signed]* Richard Healy
FOREPERSON OF THE GRAND JURY

*[signed]*
JOHN A. CAPIN
BRIAN PÉREZ-DAPLE
Assistant U.S. Attorneys

DISTRICT OF MASSACHUSETTS; April 5, 2017.

Returned into the District Court by the Grand Jurors and filed.

*[signed]*
DEPUTY CLERK   4/5/17

17